O

# United States District Court
# Central District of California

VICTOR AGUIRRE

    Plaintiff,

    v.

EASTERN PM LLC; and DOES 1–10,

    Defendants.

Case № 2:20-cv-10507-ODW (GJSx)

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [17]**

## I.    INTRODUCTION

Plaintiff Victor Aguirre moves for entry of default judgment against Defendant Eastern PM, LLC. (Mot. Default J. ("Motion" or "Mot."), ECF No. 17-1.) For the reasons discussed below, the Motion is **DENIED**.[1]

## II.    BACKGROUND

Aguirre is a California resident who requires the use of a wheelchair at all times when traveling in public. (Compl. ¶ 4, ECF No. 1.) He alleges that Defendant is the real property owner, business operator, lessor and/or lessee of a convenience store and market (the "Business"). (*Id.* ¶ 5.) Aguirre further alleges that when he attempted to enter the Business on two separate occasions in July and August of 2020, he

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

"encountered a number of barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." (*Id.* ¶¶ 9–10.) Specifically, Aguirre alleges that the Business lacked: (1) use of the International Symbol of Accessibility logo to indicate an accessible parking space, (2) required parking signs that say "Van Accessible" or "Minimum Fine $250," and (3) access aisles with level surface slopes. (*Id.* ¶ 10.) Aguirre asserts that these barriers previously denied him access to the Business and currently deter him from returning until they are removed. (*Id.* ¶ 11.)

Aguirre filed this action on November 17, 2020, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law. On December 8, 2020, the Court declined to exercise supplemental jurisdiction over Aguirre's construction-related accessibility state law claims and dismissed them without prejudice. (Order Declining Suppl. Jurisdiction, ECF No. 13.) Aguirre served Defendant with the Summons and Complaint on January 29, 2021. (Proof of Service, ECF No. 14.) Defendant failed to answer or otherwise respond to the Complaint, and Aguirre requested an entry of default on February 26, 2021. (Req. for Entry of Default, ECF No. 15.) The Clerk entered default on March 1, 2021. (Entry of Default, ECF No. 16.) Now, Aguirre moves for default judgment. (Mot.)

### III. LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1; *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014). Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are

accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

## IV. DISCUSSION

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors address the merits of the claims and the sufficiency of the complaint. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

Aguirre seeks relief under the ADA. (*See* Compl. ¶¶ 15–27.) To prevail on this claim, Aguirre must show, among other things, that "the existing facility at the defendant's place of business or property presents an architectural barrier prohibited under the ADA." *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)). "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the

"ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, a public accommodation need only provide accessible parking "*[w]here parking spaces are provided*." *See* 2010 ADAAG § 208.1 (emphasis added); *see also id.* § 208 (setting forth accessibility requirements for parking spaces).

Here, Aguirre fails to establish the existence of architectural barriers at Defendant's property. Aguirre alleges a list of violations related to parking spaces without first establishing that Defendant provides parking to the public. (Compl. ¶¶ 18–26.) Without alleging that Defendant provides public parking, Aguirre fails to establish that Defendant failed to comply with the parking requirements of the ADAAG. *See Grigsby v. Tecomate Corp.*, No. 2:19-CV-08735-ODW (KSx), 2021 WL 134583, at *3 (C.D. Cal. Jan. 14, 2021) (finding the plaintiff failed to establish an architectural barrier as he did not demonstrate the defendant provided parking to its customers).

Furthermore, many of Aguirre's allegations are devoid of factual support. In fact, much of Aguirre's Complaint is just a recitation of various ADAAG violations coupled with conclusory allegations that provisions have been violated. For instance, Aguirre recites the ADAAG guideline that one in every eight accessible spaces must have an access aisle at least 96 inches wide, but he fails to allege any facts to show that this provision has been violated by Defendant. (*See* Compl. ¶ 18 (reciting 1991 ADA Standards § 4.1.2(5)(b)).) Similarly, Aguirre alleges that Defendant's access aisles were not level, but he fails to indicate what degree of slope is present at Defendant's property. (*See id.* ¶ 25.)

In short, even accepting the well-pleaded factual allegations in the Complaint as true, Aguirre fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267. Because the second and third *Eitel* factors demonstrate default judgment is improper, the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-CV-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25,

2020).  However, leave to amend is appropriate because Aguirre's failure to state a claim is based on insufficient allegations which could theoretically be cured.  *See id.*

## V.  CONCLUSION

In summary, Aguirre's Motion for Default Judgment and accompanying request for attorneys' fees are **DENIED**.  (ECF No. 17.)  The default previously entered against Defendant Eastern PM, LLC is hereby **SET ASIDE**.  (ECF No. 16.)  If Aguirre chooses to rectify the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of the date of this Order.  Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

June 8, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**